NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHENETE PHILEMON,<br><br>Defendant | Criminal Action No. 11-cr-768 (JLL)<br><br>OPINION |
|---|---|

**LINARES,** District Judge.

This matter comes before the Court on Defendant's Motion for Sentence Reduction (ECF No. 249 ("Def.'s Mot.")) pursuant to 18 U.S.C. § 3582 and U.S.S.C. Retroactive Amendment 782 ("Amendment 782"). For the reasons set forth below, Defendant's Motion for Sentence Reduction is granted.

I.   PROCEDURAL BACKGROUND

On January 14, 2014, Defendant Chenete Philemon pled guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base in violation of 18 U.S.C. §§ 841(a) and (b)(1)(B). (Def.'s Mot. at 1; Gov't Opp'n at 1.) Defendant's offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was 23 after a 3-point reduction for acceptance of responsibility. (Gov't Opp'n at 1.) His criminal history category was IV. (*Id.*) These levels resulted in an advisory Guidelines range of 70 to 87 months. (*Id.*)  Pursuant to the plea agreement, the parties agreed that neither would appeal a sentence within the Guidelines range. (Def.'s Mot. at 11.) The Government requested a sentence at the top of the Guidelines

range; Defendant requested a sentence at the bottom of the range. (Sentencing Hr'g Tr. (May 14, 2013) at 16:1-2, 21:7-9.)

One issue at the original sentencing was whether a two point enhancement for the use of violence under U.S.S.G. § 2D1.1(b)(2) was appropriate. (*Id.* at 6:22-7:2.) The basis for the argument regarding the enhancement was a tape recording in which, according to the Government, Defendant agreed to murder a rival gang member. (*Id.* at 7:1-8:2, 16:7-18:22.) The Government's position was that, although Defendant was arrested without a weapon and away from the alleged target, he nonetheless had expressed an agreement and willingness to commit the murder. (*Id.*) At the sentencing hearing, the Government conceded that there was insufficient evidence supporting application of the two-point enhancement related to this incident. (Sentencing Hr'g Tr. at 7:5-6 ("I think both the defense and PSR, Probation, are correct, that the two-point enhancement should not apply . . . .").) The Court agreed, and declined to apply the enhancement. (*See id.* at 8:6-7.) The Government did argue, however, that the incident should be considered in the Court's evaluation of the § 3553 factors. (*See id.* at 7:23-8:4; 16:7-18:22.) After consideration of the arguments of both parties related to the 3553 factors, including Defendant's own statement, the Court imposed a within-Guidelines sentence of 82 months. (*Id.* at 27:22-25.) In imposing this sentence, this Court acknowledged that any sentence within the original Guidelines range of 70 to 87 months was "a serious sentence." . (*Id.* at 27:7-8.)

On November 1, 2014, Amendment 782 was enacted, reducing the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. The Amendment is retroactive, effective November 1, 2015. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. Here, the Government agrees with Defendant "that the defendant is eligible for a sentencing reduction." (Gov't Opp'n at 4.) Thus, Amendment 782 lowers Defendant's offense level to 21 from 23, and his amended

Guideline range is correspondingly reduced to 57 to 71 months before application of a mandatory minimum. (Def.'s Mot. at 2; Probation Memo. (July 28, 2015) at 2.) After application of the mandatory minimum, the applicable amended Guidelines range is 60 to 71 months. (Def.'s Mot. at 2; Probation Memo. at 2.)

Defendant asks for his sentence to be reduced to the bottom of the amended range—60 months—or at least to be reduced to a mid-range sentence of 65 months given that he was not sentenced to the top of the range in his original sentencing. (Def.'s Mot. at 2.) The Government, on the other hand, argues that Defendant's sentence should remain at 82 months because of public safety issues (given his original criminal conduct and the incident whereby Defendant allegedly agreed to murder a rival gang member) combined with his post-conviction behavior in prison, which has included infractions related to stealing food and possessing tattoo needles. (Gov't Opp'n at 6-7.)

## II.   LEGAL STANDARD

Amendment 782 "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties." U.S.S.G. Manual Amendment 782 (U.S. Sentencing Comm'n 2014). The amendment was passed to reflect the Sentencing Commission's finding that "setting the base offense levels slightly above the mandatory minimum penalties is no longer necessary to achieve its stated purpose," and "was also motivated by the significant overcapacity and costs of the Federal Bureau of Prisons," as the amendment is expected to help alleviate prison crowding issues. *Id.* A defendant is eligible for a sentence reduction under Amendment 782 if the previously calculated Guideline range is lowered by a reduction of their offense level, and they were not sentenced at or below the bottom of the now-amended Guidelines range before. *Id.* When a defendant is eligible for a sentence reduction pursuant to Amendment

782, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2012). While courts *may* reduce sentences pursuant to these provisions, a court is not *required* to do so even where the original sentence was within the Guidelines range, and failure to reduce the sentence will result in a sentence above the amended Guidelines range. *See United States v. Styer*, 573 F.3d 151, 152-53 (denial of reduction within court's discretion where original sentence was 180 months pursuant to a range of 151-188 months, and the amended range was 121-151 months).

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2), and the commentary accompanying the policy statement directs the court to consider the following factors when a sentence reduction is requested: (i) the factors set forth in 18 U.S.C. § 3553(a); (ii) public safety considerations; and (iii) post-sentencing conduct. U.S.S.G. Manual § 1B1.10 cmt. 1B(i)-(iii) (U.S. Sentencing Comm'n 2014). Section 3553(a) states that the court "shall impose a sentence sufficient, but not greater than necessary," and directs the court to consider the following factors in tailoring an appropriate sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
> (4) the need for the sentence imposed to protect the public from further crimes of the defendant;
> (5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (6) the kinds of sentences available;

(7) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
(8) any pertinent policy statement;
(9) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(10) the need to provide restitution to any victims of the offense.

### III. ANALYSIS

Although this Court is not required to reduce Defendant's sentence to within the amended Guidelines range, this Court finds that a reduction to a within-Guidelines range sentence is appropriate in this case.

In opposing any reduction, the Government argues at length that the seriousness of the alleged intent of Defendant to murder a rival gang member—something for which Defendant was neither charged nor which was sufficiently supported to result in a sentencing enhancement at the original sentencing hearing—weighs in favor of maintaining Defendant's sentence despite the eligibility of the two point reduction. By focusing on this alleged conduct, the Government effectively is arguing for application of the two-point enhancement that it was not able to obtain in the original sentencing.[1] The Court declines to use this incident as the basis to effectively negate the reduction in offense level. The Court does not minimize the conduct; the taped conversation between Defendant and his co-conspirator, while open for debate, was chilling. Rather, the Court notes that this conduct was fully considered by this Court, and the Court's original determination was that a within-Guidelines sentence was appropriate considering *all* factors, and that any sentence within the original range, including 70 months, was a serious sentence.

The Court, however, declines to reduce Defendant's sentence to the bottom or even middle of the amended range. Defendant was a member a violent street gang and was part of a multi-

---

[1] A sentence of 82 months only falls within the amended Guidelines range, given Defendant's offense level and criminal history category, if the offense level is increased by two-points.

5

defendant conspiracy involved in the distribution of a significant amount of crack cocaine. (Sentencing Hr'g Tr. at 24:6-15.) Additionally, Defendant's post-conviction behavior has been less than exemplary.

- On September 17, 2013, Defendant was charged with accepting money from another inmate. Defendant responded "No Comment." The prison committee found that he had committed the prohibited act as charged. As a result, Defendant lost commissary and email privileges. (*See* Incident Report dated Dec. 3, 2013.)

- On February 15, 2014, Defendant was charged with possession of unauthorized items related to the possession of tattoo needles. Defendant admitted possessing the needles and took responsibility for his actions. Although Defendant admitted to the charge, his behavior was marked as "poor" by the investigating officer. As a result of this infraction, Defendant lost phone privileges for thirty days. (*See* Incident Report dated Feb. 19, 2014.)

- On May 29, 2014, Defendant was charged with stealing food and refusing to obey an order, among other items. Defendant denied the charges. After a hearing, Defendant was found to have possessed stolen property and to have refused to obey an order. Because of the seriousness of these offenses, as determined by the Bureau of Prisons, Defendant lost good conduct time. In order to deter future behavior a monetary fine was also imposed, and he lost commissary and visiting privileges and his job. (*See* Discipline Hr'g Officer Report, Incident No. 2588415.)

- On August 13, 2014, despite the prior punishment only a few months earlier, Defendant was again charged with stealing, lying, and possessing something not authorized for stealing food from the food service area. Defendant chose to respond "No Comment." He was found to have committed the infractions, and was disciplined accordingly. The prison bureau rated the severity of the offenses "High/Moderate." (*See* Discipline Hr'g Officer Report, Incident No. 2616412.)

The Government argues these infractions also weigh against a sentence reduction. (Gov't Opp'n at 7.) While these infractions were not violent, they do demonstrate a continued willingness to break rules, rules which the prison bureau deems serious.

Defendant, on the other hand, attempts to minimize the infractions and highlights that he has worked toward his GED (as suggested by this Court as his sentencing), as support for a reduction to 60-65 months. (*See* Def.'s Mot. at 12.) While the Court commends Defendant for working towards his GED, he has failed to participate in, much less complete, many other

6

recommended programs. (*See* Probation Report, Progress Reports dated Oct. 31, 2014.) Defendant's Inmate Skills Development Plan reports indicate that it was recommended that Defendant enroll in vocational training, life skills classes, and drug education, among other programs, and that he has failed to enroll in any of these programs. (*See id.*)

In short, the Court finds that the combination of public safety concerns related to Defendant's original conduct, his post-conviction behavior, and the need for additional rehabilitative training and/or programs to minimize the likelihood that he will commit further crimes upon release support a sentence at the top of the amended range. The Court, therefore, finds that a sentence of 71 months best serves the policy goals underlying Amendment 782 and the related statutes.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Sentence Reduction is granted. Defendant's sentence is reduced from 82 months to 71 months. Pursuant to Amendment 782, the order reducing Defendant's sentence does not become effective until November 1, 2015. An appropriate Order accompanies this Opinion.

DATED: September 10, 2015

JOSE L. LINARES
U.S. DISTRICT JUDGE